HOME FIRE INSURANCE COMPANY OF OMAHA, NE-
BRASKA, v. ANTHONY MURRAY.

FILED MAY 15, 1894.   No. 5044.

1. **Review**: ACTION ON INSURANCE POLICY: TIME. By a clause
   in an insurance policy issued by defendant it was provided that
   no suit should be maintainable unless commenced within one
   year from the loss. A petition was filed within the time limited to
   recover for an alleged loss of a part of the property insured.
   The question as to whether or not jurisdiction had been obtained
   of the defendant was presented by its motion to dismiss, for the
   alleged reason that the action had not been commenced within
   the time limited by the contract for that purpose. *Held*, That
   the ruling adversely to defendant must be deemed conclusive
   when presented for review neither by its motion for a new trial
   nor by its petition in error.

2. **Limitation of Actions**: CONTRACTS. The provision of section
   19, title 2, Code of Civil Procedure, that "an action shall be
   deemed commenced, within the meaning of this title, as to the
   defendant, at the date of the summons which is served on him,"
   is applicable to the limitations of the statute designated as title
   2 aforesaid, and cannot be used to supplement a special distinct
   limitation created solely by agreement of the parties thereto.

ERROR from the district court of Holt county. Tried
below before KINKAID, J.

*Fawcett, Churchill & Sturdevant,* for plaintiff in error.

*H. M. Uttley, contra.*

RYAN, C.

1. This action was brought in the district court of Holt
county on one of the policies of the defendant which in-
sured the plaintiff to the amount of $500,—"$250 on
work horses, * * * and on cattle not to exceed $35
on each, wherever they may be, against loss or damage by
winds, cyclones, or tornadoes." The plaintiff alleged in

his petition that on January 12, 1888, while this policy was in force, there passed over the premises of plaintiff tremendous storms of wind and tornadoes, whereby there were caused to perish and die twenty-seven head of plaintiff's cattle, of the reasonable value of $25 each, from which it resulted that plaintiff was damaged in the sum of $250, and that on or about January 15, 1888, plaintiff, in writing, notified defendant of the loss on said stock and demanded the adjustment and payment of said loss, with which defendant has ever refused compliance. Plaintiff further alleged that there was due him by reason of said loss the sum of $650, for which sum he prayed judgment, with seven per cent interest thereon reckoned from the 12th day of January, 1888. This petition was filed May 10, 1888, and therein the defendant was described by its correct name. Immediately upon the filing of the petition a summons was issued in which the defendant to be served was designated as the "Home Insurance Company," etc., the word "Fire" being omitted. On the 12th day of May, 1888, the sheriff made return that he had served the defendant on May 11, 1888, by delivering to each member of the firm of Roberts & Wagers, and to Milton McDermitt, each of said parties then being agents of defendant in Holt county, a true and certified copy of the summons aforesaid, with the indorsements thereon. On the 28th of August, 1888, plaintiff's motion for default was filed, and on November 13 thereafter the defendant, by its attorneys, Roberts & King, specially appeared, made objection to the jurisdiction of the court, and alleged that the writ and service ought to be quashed for the reason that no summons had ever issued against the Home Fire Insurance Company. The record shows that the facts relied on in this special appearance were made known to the court by the affidavits of Roberts, Wagers, and McDermitt respectively, but as neither of these affidavits appear in the record we are uninformed as to their contents. This objection on

special appearance was, on November 14, 1888, sustained by the court, and the motion of plaintiff for a default was overruled. An alias summons was by the court thereupon ordered to issue for the defendant, pursuant to which order such summons issued January 29, 1889. This was returned as served by leaving a copy with Milton McDermitt, chief officer of the agency of said company in Holt county. Upon the special appearance of J. J. King as counsel for defendant the writ and service were quashed upon a showing that McDermitt did not sustain to the defendant the official relation recited in the sheriff's return. On the 20th of April, 1889, an "alias summons," as it is designated, was issued, and service returned thereon as made by delivering to Milton McDermitt, as agent of the defendant, a copy of the summons with the indorsements thereon. May 13, 1889, another special appearance was made, and by the affidavit of Charles J. Barber, an officer of the defendant, it was shown that McDermitt was not the agent of said defendant. On May 14, 1889, another summons was issued, which accomplished its purpose of bringing in the defendant to make its defense. The defendant having appeared, first filed a motion to dismiss the action for the reasons following: "That plaintiff's right to commence, maintain, and prosecute this action became and was forever extinguished and barred by the contract under which plaintiff seeks to recover, on and after the 12th day of January, A. D. 1889, for the reasons following: * * * Said contract * * * contains a provision or stipulation of the parties that no suit or action against this company shall be sustainable in any court of law or chancery unless commenced within one year next after such loss shall occur, any statute of limitation to the contrary notwithstanding." Following the above language the motion stated that the loss was alleged to have occurred on January 12, 1888, whereas the only service had upon defendant was made one year and four months after said

alleged loss.  Upon this showing it was by the motion claimed that the court had no jurisdiction of the cause of action alleged.  In resistance of this motion the plaintiff made a showing of the above described issues of summons, and specifically alleged that on each (except on the one marked "Exhibit 3," the nature of which we cannot determine, because it is not in the record) due service was made upon the proper agent of the defendant.  Upon due consideration of the motion to dismiss the action the same was by the court overruled.  Whether or not the court had obtained jurisdiction of the defendant within one year after the loss was a question of fact presented by this motion and the showing in resistance thereof, upon consideration of which the court found adversely to the defendant.  An exception was taken to this ruling, but its correctness is presented in no way for review either in the motion for a new trial or in the petition in error, and hence must be accepted as the final disposition of this question.  Possibly the insurance company may insist that this is extremely technical, but in solving technical contentions technical rules are peculiarly applicable and effective.  *Similia similibus curantur.*

2. It is insisted that there was error in permitting plaintiff to amend his petition and his reply.  The amendment of the petition was by substituting the word "perish" for the word "famish."  We are left to our own judgment as to the particular place in the petition where this substitution occurred.  There is in the certified copy of the petition, as it appears in the record, the allegation that by tremendous storms of wind and tornadoes twenty-seven head of plaintiff's cattle were caused to perish and die, and we assume that originally the word "famish" stood where now is found the word "perish."  In reference to the amendment of the reply the assignment of error in the motion for a new trial was that the court erred in permitting plaintiff to amend his reply so as to deny knowledge of

the clause in his policy of insurance limiting the time within which he could commence his action. When leave was given to amend the reply no exception was taken, so that this question could not be reviewed, even if it possessed any merit. The amendment of the petition was clearly a matter of discretion with the court, and certainly this discretion was cautiously as well as wisely exercised in this instance. At the very commencement of the trial the defendant objected to the introduction of evidence at that time and asked leave to withdraw a juror and continue the case because of the several amendments to the pleadings. The record shows that the presiding judge said:

"If counsel for defense prove by affidavit that they have been placed at a disadvantage by the amendments made, or that such amendments have rendered them unable to proceed to trial, then a continuance may be had.

"Defendant asks five or ten minutes' time to make an affidavit for continuance on the grounds that it was not prepared to meet the amendments in plaintiff's reply. The same having been allowed by the court, and the time having expired, defendant withdraws its application for time to make a showing for a continuance."

It would require a showing of great injustice, in the exercise of its discretion by the trial court, to entitle the defendant to a review upon such proceedings as are above recited.

3. The defendant insists that there was error in the refusal of the court to give, at defendant's request, the following instruction, to-wit: "You are instructed that if any other element except wind, cyclones, or tornadoes contributed to cause the death of the cattle described in the plaintiff's petition, you should find for the defendant." The court instructed the jury that there had been no evidence justifying a finding of the existence of a tornado, and that "if winds caused the death of plaintiff's cattle indirectly and remotely, defendant would not be liable, and

your verdict should be for the defendant. To make defendant liable for the death of plaintiff's cattle caused by winds, such winds must have (in addition to the requirements in these instructions before mentioned) been the efficient and controlling cause of the death of the cattle in question." In a preceding part of the instruction given, and to which reference was made in the above clause in parenthesis, there was used, as to what it was essential that plaintiff should prove to entitle him to a recovery, this language: "That being then and there a wind storm arose, and which wind storm then and there killed and destroyed, and was the immediate, direct, and proximate cause of the death of said cattle." In the instructions given the ground was as completely covered as defendant was entitled to have it. There was, therefore, no prejudicial error in refusing the instruction asked.

4. Complaint is made in various forms as to the submission by the court to the jury of the question whether or not plaintiff was aware of the existence of the clause in the policy requiring him to begin an action in one year from the date of the loss. The loss occurred on January 12, 1888. The petition was filed May 10 following. To fix the time when the action was begun the plaintiff in error refers us to section 19, title 2, Code of Civil Procedure, which is as follows: "An action shall be deemed commenced, within the meaning of this title, as to the defendant, at the date of the summons which is served on him." If the plaintiff in error was insisting upon the statute of limitation found in title 2 of the Code of Civil Procedure, the above language would be entitled to weight, for it provides that "an action shall be deemed commenced, within the meaning of this title, [2], * * * at the date of the summons which is served on him." Whether or not parties to a contract may establish between themselves a period of limitation different from that fixed by statute, it is not necessary to determine. We are fully convinced that even if this is allowa-

ble, it is a right which must rest wholly in contract, and that to render the contract limitation effectual in shortening the statutory limitation no resort can be had to provisions applicable in terms solely to such limitations as are fixed by the statute. The requirement that plaintiff should show that he was unaware of the limitation of time fixed by the policy as to his right to commence an action may have been erroneous; in any event, it was not error prejudicial to the rights of the insurance company. Whether or not the commencement of the action contemplated by the limitation fixed in the policy was met by filing plaintiff's petition was not an inquiry hedged by statute. The failure to commence the action within a stated time therein fixed by the statute of limitations, if at all permissible to be shown, could only be made available as might any other special matter of defense dependent alone upon the terms of the policy. In a general way the jury were instructed, among other matters necessary to be shown, that it should appear that the action had been commenced within one year from the loss. If this did not with sufficient directness present this question to the jury, an instruction should have been asked by defendant upon that point. This was not done; neither was any exception taken to the requirement as made by the instruction of the court. The only ruling had upon the jurisdiction of the court, as dependent on service having been made within the time required by the policy, was by motion, which was overruled. The ruling upon this motion, however, as has already been noted, has not been assigned as error either in the motion for a new trial or in the petition in error. It is evident that in this condition of the record the defendant in the trial court (now the plaintiff in error) is in no condition to urge as error any ruling made or instruction given as to the time within which this action should have been begun.

There are other contentions made with apparently a less degree of confidence than those above insisted on. We

have examined into them and find no justification in their importance for an extended notice, much less is there discovered any prejudicial error. The judgment of the district court is

AFFIRMED.